UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | |
|---|---|
| J K SONS LA INC., a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> HAIMOV 41, LLC, a Florida limited liability company d/b/a Haimov Jewelers; and IGAL HAIMOV, an individual, <br><br> Defendants. | Case No.: <br><br><br> **[REQUEST FOR JURY TRIAL]** |

## COMPLAINT

**COMES NOW** Plaintiff J K SONS LA, INC., who hereby complains and alleges as follows:

## THE PARTIES

1. Plaintiff J K SONS LA INC. ("J K Sons" or "Plaintiff") is, and at all material times hereto was, a corporation formed and existing under the laws of the State of California by virtue of the filing of its Articles of Incorporation with the California Secretary of State on March 30, 2021. J K Sons maintains it principal place of business in Los Angeles, California.

2. Defendant HAIMOV 41, LLC ("Haimov 41") is, and at all relevant times hereto was, a limited liability company formed and existing under the laws of the State of Florida with the filing of its Articles of Organization with the Florida Secretary of State on June 30, 2021. Upon information and belief, Defendant Haimov, a Florida citizen, is Haimov 41's sole member and that Haimov 41, LLC does business in Miami, Florida, as Haimov Jewelers.

3. Defendant IGAL HAIMOV ("Haimov") is, and at all relevant times was, an officer

and manager of Haimov 41.  J K Sons is informed and believes and based thereon alleges that Haimov is the sole member and President of Haimov 41.  Haimov promotes himself as the owner and designer of Haimov 41 who, for the past 30 years, designs and manufactures a wide variety of fine jewelry, diamonds and custom pieces.

4. In addition to the direct claims, Plaintiff asserts that Haimov is the alter ego of Haimov 41.  Haimov uses Haimov 41 as a mere instrumentality to avoid personal liability for improper and wrongful conduct, and such that he controls and dominates the corporation.

5. Moreover, on information and belief, Haimov 41 and Haimov exhibit the absence of formalities suggesting a true corporate existence, inadequate capitalization, failure to keep corporate and personal assets separate, and the diversion of company profits to the individual for personal use.

## VENUE AND JURISDICTION

6. This Court has subject matter jurisdiction over the state law claims alleged under 28 U.S.C. § 1332(a) because Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs, and Defendants are citizens of the State of Florida, whereas Plaintiff is a citizen of the State of California.

7. This Court has personal jurisdiction over Defendants as they reside in, were formed in, and/or conduct business in the State of Florida.

8. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this district, and the claims arise from Defendants' activities in this district.

## COMMON ALLEGATIONS

9. J K Sons is a diamond wholesaler.  With headquarters in Los Angeles, California,

J K Sons sells diamonds to other wholesalers and retailers.

10. Haimov 41 is owned by Haimov. Haimov 41 owns and operates a retail jewelry store in downtown Miami. Haimov 41, which does business as Haimov Jewelers, promotes itself as selling chains, pendants, bracelets, earrings, watches, rings, sunglasses and accessories.

11. Over the years, Haimov has purchased diamonds from the principals of J K Sons. Beginning on or about December 23, 2021, Haimov 41 communicated with J K Sons regarding the wholesale purchase of diamonds. Following such conversation, J K Sons sold Haimov 41 diamonds valued at Two Million One Hundred Thousand Dollars ($2,100,000). Haimov inspected the diamonds for their size, cut and clarity. After approving them, Haimov purchased the diamonds.

12. In purchasing the diamonds, Haimov represented to J K Sons that he would pay for the diamonds on December 31, 2022.

13. Haimov took possession of the diamonds in 2021. However, when time for payment came due, Haimov requested an extension to pay the amount owed. J K Sons agreed. However, the parties further agreed that the principal balance would then bear interest at the rate of 1% per month until paid in full.

14. As interest grew on the amount owed, Haimov offered to provide one or more watches valued at wholesale in the amount of $140,000 to defray the interest owed. Haimov never delivered the watches.

15. Haimov made certain payments on the amount owed but then ceased payment altogether. After further conversations, Haimov proposed to make installment payments, with interest. Haimov provided a series of Haimov 41 post-dated, pre-signed checks that could be deposited each month.

16. On or about June 26, 2025, J K Sons deposited check number 1070, dated June 1, 2025, in the amount of $165,000 and made payable to "JK Son's LA." However, when J K Sons deposited the check, it was returned "NSF."

17. As a result, on June 26, 2025, J K Sons wrote to Haimov 41, informing it that it was in violation of Florida Statute §68.065, and demanding payment within thirty (30) days from the date of such notice. J K Sons also demanded 5% of the face amount of the check, or the total sum of $173,250, as provided under the Florida statute.

18. Haimov 41 did not respond to such communication nor pay the amount demanded.

19. On October 30, 2025, J K Sons, through counsel, made a further effort to collect on the amount owed. At the time of such correspondence, Haimov 41 owed $1,260,112, which was inclusive of principal, interest, and the undelivered watches. Defendants ignored that communication and demand as well. This action, therefore, follows.

20. All conditions precedent to this action have occurred, been performed, or have been waived.

21. Plaintiff has retained the undersigned law firms to prosecute this action and is obligated to pay a reasonable fee for their services.

## COUNT I
### BREACH OF ORAL CONTRACT
**(As and Against Haimov 41)**

22. Plaintiff hereby incorporates, by this reference, each and every allegation set forth in paragraphs 1 through 21, inclusive, as if set forth in full.

23.. On or about December 23, 2021, J K Sons entered into an agreement with Haimov 41 to sell diamonds at wholesale value. After inspection of the goods, Haimov 41 purchased Two Million One Hundred Thousand Dollars ($2,100,000) worth of diamonds, and took possession of

same.

24. The parties' agreement was memorialized in a memo, and thereafter invoices. According to the parties' agreement, Haimov 411 agreed to pay for the diamonds on December 31, 2022.

25. When payment came due, Haimov 41 requested an extension to tender payment. J K Sons agreed. Between 2022 and 2025, Haimov 41 made repeated requests for extension to pay the amount due, which J K Sons granted. However, Haimov agreed to make certain installment payments.

26. In addition, when Haimov 41 was in arrears with respect to outstanding, unpaid interest, Haimov 41 agreed to provide one or more watches with a wholesale value of $140,000. J K Sons agreed to accept the watches. Notwithstanding such agreement, Haimov 41 failed to deliver the watches.

27. Despite such repeated agreed-upon extensions for payment, Haimov 41 failed and refused to pay the sums owed. Therefore, as of December 8, 2025, Haimov 41 was in breach of the parties' agreement with respect to the purchase of diamonds in the sum of $1,273,553.73, which is inclusive of principal, interest and the undelivered watches.

28. J K Sons performed all conditions, covenants and promises required on its part by the terms and conditions of the agreement between the parties.

29. As a proximate cause of Haimov 41's breach, Plaintiff has been damaged in the amount of $1,273,553.73 as of December 8, 2025, plus interest at the rate of $363.29 per day thereafter.

## COUNT II
## FRAUDULENT MISREPRESENTATION
### (As and Against Both Defendants)

30. Plaintiff hereby incorporates, by this reference, each and every allegation set forth in paragraphs 1 through 21, inclusive, as if set forth in full.

31. Beginning in or about December 23, 2021, in an effort to induce Plaintiff to enter into an agreement to purchase diamonds at wholesale from Plaintiff, Haimov, acting on behalf of Haimov 41, and as authorized by Haimov 41 as its agent, orally represented to Plaintiff that it would purchase diamonds and pay for them on December 31, 2022.

32. At the time of the representations made by the Defendants to Plaintiff, the representations were untrue, and Defendants knew them to be untrue when made. Defendants clearly lacked the financial resources to pay for the diamonds, and yet made the promises and took possession of the diamonds. Nevertheless, said statements were made to induce Plaintiff to deliver the diamonds to Defendants. Defendants therefore made promises without the present intent to perform, knowing that they lacked the ability to perform.

33. Plaintiff was ignorant of the facts that were untrue, and was also ignorant of the fact that Defendants did not intend to honor their representations or comply with the terms of the agreement, but instead intended to take Plaintiff's diamonds and then refuse payment following years of delay.

34. In reliance upon such representations, Plaintiff agreed to and did deliver the diamonds to Defendants in December 2021.

35. Had Defendants not made such representations, or had Plaintiff been aware that the representations were untrue, Plaintiff would have never entered into the agreement, nor deliver the diamonds to Defendant.

36. At the time Defendants made such representations to Plaintiff, Plaintiff believed them to be true, and reasonably and justifiably relied upon the representations.

37. Defendants, however, knew such representations to Plaintiff were false at the time they were made, and did not intend to timely pay Plaintiff.

38. As a proximate cause of Defendants' fraud, Plaintiff has been damaged in the amount of $1,273,553.73 as of December 8, 2025, plus interest at the rate of $363.29 per day thereafter.

39. Defendants' conduct, as alleged herein, was malicious, oppressive, fraudulent, and despicable, and thereby entitles Plaintiff to an award of punitive and exemplary damages, all according to proof at trial.

## COUNT III
### VIOLATION OF FLORIDA STATUTE §68.065
**(As Against Haimov 41)**

40. Plaintiff repeats, realleges and incorporates by this reference the allegations contained in paragraphs 1 through 21, inclusive, of this Complaint as if each such allegation were set forth herein in full.

41. On or about June 26, 2025, J K Sons deposited check number 1070, dated June 1, 2025, in the amount of $165,000, drawn by Haimov 41 and made payable to "JK Son's LA," which was provided by Defendants to Plaintiff.

42. After J K Sons deposited the check it was returned "NSF."

43. After the check was returned "NSF," J K Sons provide notice as required under Florida Statute §68.065. Despite such notice, Defendants failed to comply.

44. Plaintiff, therefore, seeks payment of the $165,000, in addition to the amount provided under the Florida statute, including treble damages.

## COUNT IV
## GOOD SOLD
**(Against Haimov 41)**

45.     Plaintiff repeats, realleges and incorporates by this reference the allegations contained in paragraphs 1 through 21, inclusive, of this Complaint as if each such allegation were set forth herein in full.

46.     Haimov 41 owes Plaintiff $1,273,553.73 that is due with interest as of December 8, 2025, for diamonds sold and delivered by Plaintiff to Haimov 41 between December 23, 2021, and December 31, 2022.

47.     Plaintiff therefore seeks a judgment for damages on the good sold to Haimov 41.

## COUNT V
## ACTION FOR THE PRICE (FLA. STAT. § 679.709)
**(Against Haimov 41)**

48.     Plaintiff repeats, realleges and incorporates by this reference the allegations contained in paragraphs 1 through 21, inclusive, of this Complaint as if each such allegation were set forth herein in full.

49.     Plaintiff and Haimov 41 entered into a contract for the sale of diamonds to Haimov 41.

50.     Plaintiff delivered to Haimov 41 conforming goods identified in the contract.

51.     Haimov 41 accepted the goods.

52.     Haimov 41 failed to pay the contract price for the goods when due.

53.     Plaintiff has been damaged in the amount of $1,273,553.73 that is due with interest as of December 8, 2025.

## COUNT VI
### VEIL PIERCING / ALTER EGO LIABILITY
(Against Haimov)

54. Plaintiff repeats, realleges and incorporates by this reference the allegations contained in paragraphs 1 through 21, inclusive, of this Complaint as if each such allegation were set forth herein in full. Haimov is the owner, manager, member, officer, and/or director of Haimov 41.

55. Haimov 41 was dominated and controlled by Haimov to such an extent that Haimov 41's independent existence was in fact nonexistent or Haimov 41 was merely an alter ego of Haimov. Haimov controlled and used Haimov 41 to defraud Plaintiff, receive valuable assets under false pretenses, delay payment, and issue worthless checks, as described above. Haimov did so using his total dominion and control over Haimov, while disregarding corporate formalities and making misrepresentations on behalf of Haimov 41.

56. Haimov formed and/or used Haimov 41 for an improper purpose. Specifically, Haimov used Haimov 41 as a vehicle to obtain diamonds from Plaintiff through false pretenses, delay his liability therefor, and otherwise defraud Plaintiff, while enriching or benefitting Haimov. Haimov 41's corporate form therefore furthered this unlawful conduct by allowing Haimov to receive valuable assets and enrich himself through his own fraud. In other words, Haimov 41 was a mere sham to serve as a conduit for Haimov's fraud and deceit.

57. Haimov's improper and fraudulent use of Haimov 41's corporate form and its improper conduct caused harm to Plaintiff. As noted above, Plaintiff was defrauded and tricked into delaying bringing this lawsuit by Haimov's actions through Haimov 41's corporate form.

58. Piercing the corporate veil of Haimov 41 is necessary in this case to prevent the injustice of allowing Haimov to escape liability for his deceit and enrichment.

59. As a result, Haimov is responsible for the conduct and liability of Haimov 41 as alleged herein.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

### AS TO COUNTS I, IV, AND V:

1. For damages in the amount of $1,273,553.73 as of December 8, 2025, but according to proof at trial;

2. For pre-judgment interest at the contract rate, at $363.29 per day from and after December 8, 2025;

3. For an award of post-judgment interest;

### AS TO COUNT II:

1. For damages in the amount of $1,273,553.73 as of December 8, 2025, but according to proof at trial;

2. For pre-judgment interest at the contract rate, at $363.29 per day from and after December 8, 2025;

3. For an award of post-judgment interest; and

4. For an award of punitive damages;

### AS TO COUNT III:

1. For damages in the amount of $165,000, but according to proof at trial;

2. For payment of $8,250 as provided under such statute for non-payment; and

3. For treble damages;

### AS TO COUNT VI:

1. For a judgment holding Haimov directly liability for any judgment against Haimov

41;

## AS TO ALL COUNTS

1. For attorneys' fees and costs incurred herein; and

2. For such other and further relief as the court may deem proper.

## REQUEST FOR JURY TRIAL

Pursuant to the *Federal Rules of Civil Procedure* and Local Rules, Plaintiff demands a trial by jury on all issues so triable.

Date:  February 9, 2026

Respectfully submitted,

**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**
Miami Tower
100 SE 2nd Street, 36th Floor
Miami, Florida 33131
Telephone: 305.403.8788
Facsimile: 305.403.8789

By: */s/ Marcelo Diaz-Cortes*
Thomas R. Lehman, Esq.
Primary: trl@lklsg.com
Secondary: ame@lklsg.com
Florida Bar No.: 351318
Marcelo Diaz-Cortes, Esq.
Primary: md@lklsg.com
Secondary: tms@lklsg.com
Florida Bar No.: 118166

Lawrence C. Ecoff, Esq. (SBN 143814)
(*pro hac vice to be filed*)
Alberto J. Campain, Esq. (SBN 204068)
(*pro hac vice to be filed*)
**ECOFF CAMPAIN & KAY, LLP**
A Limited Liability Partnership
280 South Beverly Drive, Suite 504
Beverly Hills, California 90212
Telephone:   (310) 887-1850
Facsimile:   (310) 887-1855
E-mail:  ecoff@ecoffaw.com
         campain@ecofflaw.com