**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. 26-cv-20834-ALTMAN**

J K SONS LA INC.,

       Plaintiff,

vs.

HAIMOV 41, LLC, d/b/a Haimov Jewelers;
and IGAL HAIMOV,

       Defendants.

_____ /

**DEFENDANTS' MOTION TO DISMISS COUNTS 1, 2, AND 6 OF PLAINTIFF'S**
**COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendant Haimov 41, LLC d/b/a Haimov Jewelers ("**Haimov Jewelers**") and Igal Haimov ("**Haimov**") respectfully move to dismiss Counts 1, 2, and 6 of Plaintiff J K Sons LA Inc.'s ("**Plaintiff**") Complaint (DE 1) for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

<u>**THE COMPLAINT'S FACTUAL ALLEGATIONS**</u>

According to the Complaint,[1] Plaintiff is a diamond wholesaler in the business of selling diamonds to retailers (Compl., ¶ 9). One such retailer is Haimov Jewelers, owned by Haimov, which operates a retail jewelry store in downtown Miami (*Id.*, ¶ 10). Haimov Jewelers has purchased diamonds from Plaintiff on several occasions over the years (*Id.*, ¶ 11).

The Complaint alleges that on or about December 23, 2021, Plaintiff and Haimov Jewelers "communicated" regarding the wholesale purchase of diamonds valued at $2.1 million, after which Haimov Jewelers purchased them (Compl., ¶ 11). In doing so, Haimov "represented" to Plaintiff it would pay for the diamonds on December 31, 2022, more than a full year later (*Id.*, ¶ 12).

The Complaint then details several modifications, accommodations, and/or offers to the payment terms, including: (1) Plaintiff providing an extension to the payment date with an agreement that Haimov Jewelers would pay 1% monthly interest; (2) Haimov "offering" to provide "one or more" watches to Plaintiff valued at $140,000 as payment for accumulated interest; and (3) Haimov proposing installment payments on the amount owed, along with post-dated, pre-signed checks (*Id.*, ¶¶ 13–15, 26). The Complaint admits that Plaintiff made payments on the amount owed (*Id.*, ¶ 15), although it is unclear whether these payments were made as part of the original diamond purchase or a subsequent debt payment accommodation.

On or about June 26, 2025, Plaintiff claims it deposited a check dated June 1, 2025 in the amount of $165,000 made payable to "JK Son's LA" that was returned as "NSF." (Compl., ¶ 16).

---

[1] Defendants contest the version of events and facts as pleaded in the Complaint. However, for purposes of this Motion to Dismiss, Defendants state the facts as alleged by Plaintiff, as required.

That same day, Plaintiff wrote to Haimov Jewelers demanding a 5% penalty of the check amount within 30 days, citing Florida Statute §68.065 (*Id.*, ¶ 17). According to the Complaint, Haimov Jewelers did not respond to this demand or make the requested payment (*Id.*, ¶ 18).

Finally, the Complaint asserts several paragraphs of boilerplate allegations that Haimov "is the alter ego of Haimov Jewelers (Compl., ¶ 4), who uses the company as a "mere instrumentality to avoid personal liability" (*Id.*), who dominates and controls Haimov Jewelers for an improper purpose (*Id.*, ¶ 55–56), and that "upon information and belief" Defendants "exhibit the absence of formalities suggesting a true corporate existence, inadequate capitalization, failure to keep corporate and personal assets separate, and the diversion of company profits to the individual for personal use (*Id.*, ¶ 5). Absent from the Complaint is any factual detail supporting these claims.

**LEGAL STANDARD AND GOVERNING LAW**

### I.      Legal Standard

A Complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 8, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. Bellsouth Telecommunications*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)).

### II.      Governing Law

Plaintiff relies on diversity of citizenship to invoke this Court's subject matter jurisdiction (Compl., ¶ 6), and so Florida law governs this Court's consideration of Plaintiff's claims. "A federal court sitting in diversity must look to the choice of law rules of the forum state when

3

determining which law should apply to a claim." *Berry v. Budget Ren A Car Systems, Inc.*, 497 F. Supp2d 1361, 1365 (S.D. Fla. 2007) (citing *Trumpet Vine Invest. v. Union Capital Partners*, 92 F.3d 1110, 115 (11th Cir. 1996)). When deciding breach of contract claims, Florida applies the rule of *lex loci contractus*, meaning "the law of the state in which the contract is made, *i.e.,* where the last act necessary to complete the contract is done." *Fioretti v. Mass. Gen. Life Ins. Co.*, 53 F.3d 1228, 1235 (11th Cir. 1995). Oral contract formation issues are governed by the law of the state where the parties reached the oral agreement, while matters regarding contract performance are governed by the law of the place where performance is to occur. *OJ Commerce, LLC v. Ashley Furniture Indus., Inc.*, 359 F. Supp.3d 1163, 1172 (S.D. Fla. 2018), *aff'd* 817 Fed. App'x 686 (11th Cir. 2020).

Here, although the Complaint does not specifically allege where the contract was made or where performance was to occur, it appears that Florida is the answer to both inquiries. Haimov Jewelers was the party who allegedly agreed to purchase the diamonds, placing the last act in its home state of Florida, and the alleged failure to pay would also have occurred where Defendants were located. "However, since both Florida and California have adopted the Uniform Commercial Code, the substantive analysis remains the same" concerning the statute of frauds for the sale of goods. *Beautytech, Inc. v. Flageoli Classic Ltd.*, No. 14–civ–21491-MGC, 2015 WL 859370, at *2 n.1 (S.D. Fla. Feb. 27, 2015).

As for the fraudulent misrepresentation and alter ego claims, Florida applies the "most significant relationship test" as articulated in the Restatement (Second) of Conflict of Laws to tort actions. *Crowell v. Clay Hyder Trucking Lines, Inc.*, 700 So.2d 120, 122 (Fla. 2d. DCA 1997) (citing *Bishop v. Fla. Specialty Paint Co.*, 389 So.2d 999 (Fla. 1980)). That test considers the place where the injury occurred, where the conduct causing the injury occurred, where the parties are

4

located, and where the relationship between the parties is centered. *Int. Star Registry of Ill. v. Omnipoint Marketing, LLC*, 510 F. Supp. 1015, 1022 (S.D. Fla. 2007). Under this analysis, Florida substantive law should apply because the supposed fraudulent misrepresentation and improper use of the LLC form occurred by Defendants in Florida, the Defendants are located in Florida, and the only contact with California is the location of Plaintiff.

**ARGUMENT**

**I.**      **Count I Should be Dismissed Under the Statute of Frauds and For Failure to Clearly Allege the Particular Contract Breached**

Count I's claim for breach of contract should be dismissed for three reasons: (1) it alleges breach of an oral contract in violation of the statute of frauds; (2) its reference to a writing does not state a claim for breach of a written contract; and (3) the allegations of the terms of the contract supposedly breached are insufficiently pled.

     **A.**      **Count I Alleges Breach of an Oral Contract for the Sale of Goods Above $500 and Thus Fails the Statute of Frauds on its Face**

The Court should dismiss Count I for failure to state a claim because it plainly alleges breach of an oral contract for the sale of goods in excess of $500 in violation of the statute of frauds. Although the statute of frauds is an affirmative defense, [i]f the complaint contains a claim that is facially subject to an affirmative defense, that claim may be dismissed under Rule 12(b)(6)." *LeFrere v. Quezada*, 582 F.3d 1260, 1263 (11th Cir. 2009); *see also Prams Water Shipping Co. v. Salvador Grp.*, Ltd., No. 09-CIV-21508, 2013 WL 3712181, at *2 (S.D. Fla. July 12, 2013) (rejecting argument that the statute of frauds defense is unavailable upon a motion to dismiss, because such a defense can be raised if it is "apparent from the face of the complaint.").

Here, the applicability of a valid statute of frauds defense is plain from the face of the Complaint. Florida has adopted the Uniform Commercial Code provision that "a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless

5

there is a record sufficient to indicate that a contract for sale has been made between the parties and signed by the party against who enforcement is sought…" Fla. Stat. § 672.201(1). The statute of frauds thus requires a writing "which 1) evidences a contract for the sale of goods; 2) is signed by the party to be charged; and 3) specifies a quantity." *Facis S.p.A. v. Ike Behar Inter., Inc.*, 09-CIV-21029, 2009 WL 10699885, at *3 (S.D. Fla. July 17, 2009). The statute provides for three exceptions where an oral contract for the sale of goods will be enforced, none of which are applicable here. Specifically, courts may enforce an oral contract for specially manufactured goods, where a party has admitted the contract in a pleading, and for goods that have been made and accepted or received and accepted. Fla. Stat. § 672.201(3). Unless it affirmatively pleads one of those exceptions, a complaint must be dismissed where "on its face" it asserts breach of "an oral contract for the sale of goods in excess of $500." *Beautytech, Inc.*, 2015 WL 859370, at *3; *see also Private Oceans, Inc. v. Legal Sea Foods, Inc.*, No. 09–CIV–604022008, WL 1921694 (S.D. Fla. July 2, 2009).

The Complaint expressly pleads breach of an oral contract in Count I and repeatedly states that the parties' "communicated," "approv[ed]," and "represented," (Compl., ¶¶ 11–12) without reference to a written contract. The oral contract that Plaintiff alleges Haimov Jewelers breached related to the purchase of diamonds, which is a good, and Plaintiff alleges a value of $2.1 million, far in excess of $500. Moreover, nowhere in the Complaint does Plaintiff allege that these diamonds were specially manufactured or that Defendants admitted to the contract in any pleading.

Finally, although the Complaint alleges that Haimov Jewelers "took possession" of the diamonds (*Id.*, ¶ 23), that bare allegation is insufficient to establish that Haimov Jewelers accepted and received the goods. Certainly, the Complaint expressly disclaims that Haimov Jewelers paid for them. Claims for breach of an oral contract have been upheld under the "received and accepted"

provision of § 672.201(3) where the complaint pleads facts supporting the underlying claim that the defendant affirmatively accepted the goods. *See Maderas Del Siglo XXI-Madesi S.R.L. v. Medley Hardwood, Inc.*, 13-CIV- 20508, 2014 WL 12605558 (S.D. Fla. Jan. 6, 2014) (rejecting motion to dismiss under statute of frauds for oral lumber contract based on detailed allegations of receipt and acceptance). Here, though, the Complaint says nothing more than that Haimov Jewelers took possession of the diamonds, which has a very different legal meaning than acceptance. If the Complaint included additional factual detail explaining the circumstances of contract formation and Haimov Jeweler's supposed acceptance, perhaps the Court could construe the allegations as demonstrating receipt and acceptance. Instead, there is none, and Defendants are left to guess without proper notice as to manner and means of acceptance. Rule 8 requires more, and Plaintiff's attempt to plead bare allegations without plausible facts supporting them, as it does throughout the Complaint, dooms Count I.

**B.      The Complaint's Vague Allusion to a Writing Is Insufficient to Save Count I**

As mentioned above, Count I is explicitly a claim for "breach of oral contract" against Haimov Jewelers. However, in a single paragraph of the complaint, Plaintiff alleges that this contract "was memorialized in a memo, and thereafter invoices." (Compl., ¶ 24). The Complaint does not expound on what form the memo took, the date on which it was created, how it was created, who signed it, or what terms it contained. Nor does the Complaint provide any detail on what invoices Plaintiff issued related to this alleged contract or how or when they were sent. Plaintiff also did not attach the purported memo and invoices to the Complaint. To the extent Plaintiff intends to rely upon this vague allegation to convert its breach of an oral contract into breach of a written contract and evade the statute of frauds, the Court should decline to do so.

As a general rule, courts consider "the face of the complaint and attachments thereto" on a motion to dismiss. *Brooks v. BCBS of Florida, Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997). That

rule applies equally to plaintiffs to prevent them from citing materials outside the four corners of the complaint that they did not attach thereto. *See Wilchombe v. Teevee Toons, Inc.*, 555 F3d 949, 959 (11th Cir. 2009) ("Because [plaintiff] did not reference these contracts in his amended complaint or attach them thereto, the district court properly refused to consider such contracts in ruling on the motion to dismiss."). Although the federal rules do not require a plaintiff to attach the contract sued upon, *TaiDoc Technology Corp. v. Pharma Supply, Inc.*, Case No. 13-CIV-80682, 2013 WL 12383787, at *2 (S.D. Fla. Aug. 29, 2013), a complaint must at least allege the existence of a contract and enough facts to form a plausible claim for relief. *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (citing *St. Joe Corp. v. McIver*, 875 So.2d 375, 381 (Fla. 2004)) ("To prove the existence of a contract, a plaintiff must plead…sufficient specification of the essential terms"). Here, a throwaway reference to a memo and invoices without any further detail or attaching these purported writings insufficiently pleads a written contract given that the complaint expressly sues for breach of an "oral contract." The Court should not allow this bare allegation to evade the statute of frauds and contradict the plaintiff's own description of its claim for relief in Count I.

### C.   Count I Does Not Clearly Allege the Terms of the Contract Supposedly Breached

Apart from its failure under the statute of frauds, Count I should also be dismissed because it insufficiently alleges which contract and what terms Haimov Jewelers supposedly breached. As mentioned above, Florida law requires a plaintiff to provide sufficient detail of a contract's essential terms to state a claim for its breach. *St. Joe Corp.*, 875 So.2d at 381. Count I, however, swerves between alleging Haimov Jewelers purchased $2.1 million worth of diamonds (Compl., ¶¶ 23–24), to stating Haimov Jewelers agreed to provide "one or more" watches to pay down an existing debt, (*Id.*, ¶ 26), to then asserting that Haimov Jewelers breached an oral contract "with

respect to the purchase of diamonds" *and* the "undelivered watches." (*Id.*, ¶ 27). These allegations at once allege separate contracts that later somehow merge, and they fail to detail the number of watches Haimov Jewelers supposedly agreed to provide and under what terms. Such a scattershot pleading fails to put Defendants on notice of the specific cause of action alleged or sufficient detail as to the contract's terms.

**II.**     **Count II Should Be Dismissed Because Plaintiff's Fraudulent Misrepresentation Claim Seeks to Circumvent the Statute of Frauds and is not Pleaded with Particularity**

Next, the Court should dismiss Count II of the Complaint alleging fraudulent misrepresentation for failure to state a claim for three independent reasons. First, Plaintiff's fraud claim is simply a restatement of his contractual claim and remedies and thus is barred by the statute of frauds. Second, Plaintiff has failed to plead fraud with particularity as required by the Federal Rules. And third, Plaintiff has not sufficiently alleged Haimov Jewelers knew that the allegedly false statements were false when it made them, other than merely restating that element of the claim in conclusory fashion.

**A.**     **Count II Seeks to Avoid the Statute of Frauds by Improperly Refashioning Plaintiff's Contract Claim as Fraudulent Misrepresentation**

Plaintiff's claim for fraudulent misrepresentation is directly foreclosed by Florida law because it improperly seeks to convert what at its core is a contractual claim into one sounding in fraud. *See Puff 'N Stuff of Winter Park v. Bell*, 683 So.2d 1176, 1177 (Fla. 5th DCA 1996) (dismissing claim otherwise barred by the statute of frauds when pled as fraudulent inducement because to do otherwise would "effectively repeal the statute."). This Court has dismissed similar fraud claims seeking to "indirectly obtain damages for breach of contract." *See, e.g., OJ Commerce, LLC*, 359 F. Supp.3d at 1175; *Perfumerias Unidas, S.A. v. Coty Prestige Travel Retail and Export, LLC*, 06-CIV-23116, 2007 WL 9709776, at *8 (S.D. Fla. Aug. 7, 2007) ("It is well-

established under Florida law, where a plaintiff claims damage caused by relying on a false oral promise that falls within the statute of frauds, the plaintiff is barred from recovering damages on any claim that requires proof of the oral promise as one of its elements, including a claim for fraud."). Florida's statute of frauds bars actions "maintained on the ground of fraud in refusing to perform the contract, even though the defendant at the time of the making of the oral contract may have had no intention of performing it." *OJ Commerce, LLC*, 359 F. Supp.3d at 1175 (quoting *Canell v. Arcola Hous. Corp.*, 65 So.2d 849, 851 (Fla. 1953)); *see also Eclipse Med., Inc. v. Am. Hydro-Surgical Instruments, Inc.*, 262 F. Supp. 2d 1334, 1346 (S.D. Fla. 1999) ("Florida law is clear that the statute of frauds cannot be circumvented by suing for fraud when the action is predicated upon an oral agreement unenforceable under the statute of frauds.") (internal quotation omitted), *aff'd sub nom. Eclipse Med., Inc. v. Am. Hydro-Surgical*, 235 F.3d 1344 (11th Cir. 2000).

Here, Plaintiff's fraudulent misrepresentation claim is nothing more than a warmed over version of his insufficiently pled action for breach of contract. The Complaint asserts that Haimov Jewelers falsely claimed it would purchase the same diamonds at issue in Count I knowing it did not have the financial resources to pay for them (Compl., ¶¶ 31–32). The crux of the claim is Plaintiff's assertion that "Defendants did not intend to honor their representations or comply with the terms of the agreement[.]" (*Id.*, ¶ 33). Count II, then, is plainly an argument that Defendants breached an oral contract and "had no intention of performing it[,]" *OJ Commerce, LLC*, 359 F. Supp.3d at 1175, leaving it subject to dismissal for the same reasons as Count I.

### B.     Count II Fails to Plead Fraud with Particularity

Count II should also be dismissed because it woefully fails to plead fraud allegations with particularity as required. Under Fed. R. Civ. P. 9(b) "a party must state with particularity the circumstances constituting fraud or mistake." This rule may be satisfied if a complaint pleads: (1) the precise statements, oral representations, or omissions; (2) the time and place of each such

statement and the person responsible; (3) the content of these allegedly fraudulent representations; and (4) what the defendant obtained as a consequence. *Brooks*, 116 F.3d at 1371.

A glance at Count II, and the general allegations it incorporates, shows that it fails each of the first three types of fraud assertions that must be stated with particularity. Plaintiff provides no detail on the "precise" statements and oral representations it claims Defendants fraudulently made. The Complaint merely alleges that Defendants knew when they entered the oral agreement that they had no intention of fulfilling the contract's obligations (Compl., ¶ 33). There is zero explanation of the time and place that these statements were allegedly made. Most clearly, there is no detail on the content of Defendants' supposedly fraudulent statements. Nowhere does the Complaint explain what false statements of fact Defendants told Plaintiff to make it believe that they had the funds to pay for the diamonds. Nor does the Complaint explain how Plaintiff came to rely upon such false statements, thereby transferring $1.2 million in diamonds to a company that it admits it had sold jewels to before. Nothing in the Complaint suggests that this case is about anything more than a contract dispute because there are no detailed facts about the nature, manner, time, place, and content of the alleged fraud. For that reason, Count II fails under Rule 9.

### C. Count II Fails to Plead Facts Supporting Each Required Element

To state a claim for fraudulent misrepresentation under Florida law, a plaintiff must plead: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in *reliance* on the representation." *Butler v. Yusem*, 44 So.3d 102, 105 (Fla. 2010) (internal quotation omitted). The Complaint is wholly devoid of specific allegations on the first three of these required elements, particularly in alleging facts showing Haimov Jeweler's knowledge.

11

First, as explained above, the complaint provides no detail on what specific false statement Haimov Jeweler's made other than that it had no intention of complying with the terms of the deal. Although Plaintiff suggests that Haimov Jewelers knew it did not have sufficient funds to pay for the diamonds, the Complaint does not even allege that Defendants made false statements about that fact, *only* that they knew they "lacked the ability to perform." (Compl., ¶¶ 31–32). Not only do these allegations sound in contract rather than tort, as explained above, they utterly fail to state a plausible claim for relief.

Second, the Complaint's allegations about Defendants' knowledge and intent is asserted nakedly without supporting detail. The sum total of detail about these elements in the Complaint are "the representations were untrue, and Defendants knew them to be untrue when made," (Compl., ¶ 32), and Defendants "intended to take Plaintiff's diamonds and then refuse payment following years of delay." (*Id.*, ¶ 33). Rule 8's demand for facts supporting a claim for relief beyond "naked assertion[s]" requires far more. *Twombley*, 550 U.S. at 555.

## III.   Count VI Against Haimov Should be Dismissed for Failure to Plausibly Allege a Veil Piercing or Alter Ego Claim

The Court should dismiss Count VI against Haimov alleging a veil piercing and/or alter ego claim because neither theory sets forth an independent cause of action under Florida law, and, even if they did, Plaintiff has not alleged sufficient facts to establish them.

### A.   Veil Piercing/Alter Ego Liability is not a Standalone Claim Under Florida Law

Under Florida law, "Piercing a corporate veil is not itself a cause of action any more than the doctrine of *respondeat superior* is." *Turner Murphy Co. v. Specialty Constructors, Inc.*, 659 So.2d 1242, 1245 (Fla. 1st DCA 1995)); *see also Point Blank Protective Apparel and Uniforms LLC v. Vertical Source, Inc.*, Case No. 24-cv-61623, 2025 WL 857969 (S.D. Fla. Mar. 7, 2025) (Strauss, J.) (citing *Wurtzebach v. Flooring Depot FTL, Inc.*, 384 So.3d 251, 255 (Fla. 4th DCA

12

2024). "In federal practice, alter ego is not a separate cause of action for which relief can be granted; rather, alter ego serves as a theory to impose liability on an individual for the acts of a corporate entity." *Lan Li v. Walsh*, Case No. 16- CIV-81871, 2017 WL 3140522, at *9 (S.D. Fla. July 24, 2017); *see also Chunhong Jia v. Boardwalk Fresh Burgers & Fries, Inc.*, Case No. 19-cv-2527-T-33CPT, 2020 WL 5628734 (M.D. Fla. Sept. 21, 2020) (collecting cases).

The only cause of action in the Complaint against Haimov individually is a veil piercing/alter ego claim. These allegations do not connect Haimov to another cause of action; they instead assert a separate claim in Count VI. The law in Florida, however, is clear that an alter ego theory is not available as an independent claim for relief. Thus, the Court should dismiss Count VI.

> **B.     Even if a Standalone Claim, Plaintiff Has Not Plausibly Alleged Facts to Support Veil Piercing or Alter Ego Liability**

Even if Florida did recognize an independent claim for veil piercing and/or alter ego liability, the Complaint's boilerplate allegations are wholly insufficient to establish such a claim here. "At the pleading stage, '[a] party seeking to pierce the corporate veil and prove alter ego liability must show both a blurring of corporate lines, such as ignoring corporate formalities or using a corporation for the stockholder's personal interest, and that the stockholder used the corporation for some illegal, fraudulent or other unjust purpose.'" *Salas v. Wellington Equine Associates*, No. 9:14–CV–81483, 2015 WL 1412099, at *5 (S.D. Fla. Mar. 26, 2015) (quoting *Century Senior Servs. v. Consumer Health Benefit Ass'n, Inc.*, 770 F. Supp.2d 1261, 1265 (S.D. Fla. 2011)) (holding complaint failed to state a claim for piercing corporate veil where no allegations that corporate lines were blurred or corporate formalities disregarded).

The Complaint acknowledges these requirements without meeting them. It baldly asserts that Haimov dominated and controlled and created Haimov Jewelers for an improper purpose

Compl., ¶¶ 55–56), but nowhere does Plaintiff detail exactly how or why those allegations are so. Nor is there any explanation or detail about how Haimov blurred corporate lines or inadequately capitalized the company (*Id.*, ¶¶ 4–5). Besides, Plaintiff's claim that Haimov created Haimov Jewelers to improperly shield himself from liability is contradicted by its own admission that Haimov Jewelers is a jewelry retailer that Plaintiff had done business with before. But regardless, "a formulaic recitation of the elements of a cause of action" without any factual support does not meet the requirements of Rule 8. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombley*, 550 U.S. at 555). Such naked assertions of elements without supporting fact is exactly what the Complaint alleges here. Accordingly, the Court should dismiss Count VI.

**<u>CONCLUSION</u>**

For the above reasons, Counts 1, 2, and 6 fail to state a claim for relief. Accordingly, Defendants respectfully request that the Court enter an order dismissing those counts.

Dated: April 2, 2026.                    Respectfully Submitted,

*/s/ Meaghan E. Murphy*
Meaghan E. Murphy, Esquire
Florida Bar No. 102770
mmurphy@melandbudwick.com
Joshua W. Dobin, Esquire
Florida Bar No. 93696
jdobin@melandbudwick.com
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
*Counsel for Defendants*